The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH P. TRAUTT, JR. and CATHERINE TRAUTT,<br><br>         Plaintiffs,<br>   v.<br><br>KEYSTONE RV COMPANY, an Indiana for profit corporation,<br><br>         Defendant. | Civil Action No. 2:19-cv-00342-RAJ<br><br>**ORDER DENYING MOTION TO MODIFY CASE SCHEDULE** |

This matter is before the Court on Plaintiffs' motion to amend the case schedule. Dkt. # 39. For the following reasons, Plaintiffs' motion is **DENIED**.

This is a products liability action arising from injuries that Mr. Trautt allegedly sustained while using the dinette table/bed in a 2017 Passport Elite travel trailer. *See generally* Dkt. # 1-2. On April 17, 2019, the Court issued a scheduling order in this case, setting a trial date and related pre-trial deadlines. Dkt. # 11. On April 2, 2020, in

ORDER - 1

response to the COVID-19 outbreak, the Court continued the trial date to September 28, 2020. Dkt. # 37. Plaintiffs now move to modify the scheduling order to allow them to designate an additional expert witness and file two additional motions for summary judgment. Dkt. # 39.

Once a district court files a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16, "that rule's standards control[ ]." *Johnson v. Mammoth Recreations*, Inc., 975 F.2d 604, 607-608 (9th Cir. 1992). As Rule 16(b)(4) explains: "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To show "good cause" a party must show that they could not meet the deadline imposed by the scheduling order despite its diligence. *Johnson,* at 609. While a court may consider the "existence or degree of prejudice" to the opposing party, the focus of the court's inquiry is upon the moving party's explanation for failure to timely move for leave to amend. *Id.*

Plaintiffs first seek leave to disclose an additional expert witness to testify regarding the reasonableness of Mr. Trautt's medical expenses. The deadline to disclose expert witnesses was November 6, 2019. Dkt. # 11. Plaintiffs claim that an additional witness is now necessary because Defendant refused to stipulate to the reasonableness of Mr. Trautt's medical expenses. But Plaintiffs knew, or should have known, that this would be an issue in their case before the expert witness disclosure deadline. The fact that Defendant, nearly four months after the deadline, refuses to stipulate to the reasonableness of these expenses (as is their right) does not justify an extension.

Plaintiffs also request leave to file two additional motions for summary judgment on Defendant's liability and the reasonableness of Mr. Trautt's medical expenses. Dkt. # 39 at 3. The dispositive motions deadline in this case was February 4, 2020. Dkt. # 11. On January 7, 2020, Plaintiffs filed a single motion for summary judgment on some of Defendant's affirmative defenses. Dkt. # 29. Three weeks later, Plaintiffs took the

ORDER - 2

deposition of Defendant's 30(b)(6) witness, during which Plaintiffs contend "dispositive issues germaine [sic] to liability and defenses thereto were specifically addressed." Dkt. # 39 at 2.  Even if Plaintiffs' intended motion for summary judgment was dependent on the deposition testimony, they could have requested an extension *before* the disposition motions deadline passed.  Following Plaintiffs' lead in relying upon Shakespeare to advance their point: "[t]ime is the old justice that examines all such offenders."  WILLIAM SHAKESPEARE, AS YOU LIKE IT, act 4, sc. 1.  Waiting nearly three months to seek relief does not constitute diligence or meet this Court's expectation of timely action warranting the relief requested.  *See* LCR 7(j) ("A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline.").

When the Court issues a scheduling order, it intends the parties to take it seriously. *Wong v. Regents of the Univ. of Cal.,* 410 F.3d 1052, 1060 (9th Cir. 2005) ("Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.").  Here, Plaintiffs have not established "good cause" warranting a modification of the case schedule.  Accordingly, Plaintiffs' motion is **DENIED**.  Dkt. # 39.

DATED this 12th day of May, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER - 3