HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH P. TRAUTT, Jr. and CATHERINE TRAUTT,

        Plaintiff,

    v.

KEYSTONE RV COMPANY, an Indiana corporation,

        Defendant.

Case No. 2:19-cv-00342-RAJ

ORDER

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Summary Judgment for Order Striking Affirmative Defenses 1, 3, 5, 7, and 8. Dkt. # 28. For the reasons below, the motion is **GRANTED in part** and **DENIED in part**.

## II.   BACKGROUND

On February 15, 2017, Plaintiff Joseph Trautt bought a trailer manufactured by Defendant Keystone RV Company. Dkt. # 30 at 2. Three months later, on May 18, 2017, Plaintiff alleges that he lay on the convertible table/bed in the trailer and that it collapsed, causing him to fall and sustain injury. *Id.*

On February 4, 2019, Plaintiff sued Defendant in Snohomish County Superior Court (Dkt. # 1 at 1) under the Washington Product Liability Act, RCW 7.72 *et seq.*, alleging that the injury was caused by a manufacturing defect in the convertible table/bed. Dkt. # 28 at 2. Defendant then removed the case to this Court on March 8, 2019 (*id.*) and

ORDER – 1

1
2

filed an answer to the complaint asserting eight affirmative defenses on March 15, 2019 (Dkt. # 7).

3
4
5
6

Plaintiff now moves for summary judgment requesting that the Court strike five of the asserted affirmative defenses as "lacking an evidentiary foundation or in the case of Affirmative Defense 1 (failure to state a claim upon which relief can be granted), is a negative defense." Dkt. # 28 at 2.  These defenses included the following:

7
8

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

9
10

. . .
3. Plaintiffs' claimed damages are the direct and proximate result of their own negligence or other fault.

11
12
13
14

. . .
5. If any loss or damage was suffered by Plaintiffs, which Keystone RV denies, then such loss was caused by or contributed to by the superseding, intervening and unexpected acts and conduct of other persons and entities unknown to Keystone RV at this time, but over whom Keystone RV had no control, nor the right of control, all of which bar recovery from Keystone RV.

15
16
17
18
19

. . .
7. If Plaintiffs suffered damages as alleged in the Complaint, which damages Keystone RV specifically denies, such claimed damages did not result, directly or indirectly, from any act or omission of Keystone RV, but rather from the acts or omissions of persons and/or entities other than Keystone RV, for which acts or omissions Keystone RV is in no way liable, and plaintiffs, therefore, are not entitled to recover from Keystone RV.

20

8. Plaintiffs have failed to mitigate damages.

21

*Id.*

22
23
24
25

In its opposition to the motion, Defendant first argues that it is procedurally improper because Rule 12(f)—not Rule 56—governs the striking of affirmative defenses. Dkt. # 30 at 2.  Defendant then argues that its affirmative defenses are "well-stated and supported by significant evidence." *Id.* at 3.

26

## III.  DISCUSSION

27

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure,

28

ORDER – 2

> [a] party may move for summary judgment, identifying each claim or
> defense—or the part of each claim or defense—on which summary
> judgment is sought.  The court shall grant summary judgment if the movant
> shows that there is no genuine dispute as to any material fact and the
> movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case.  *Celotex Corp.*, 477 U.S. at 325.  If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).  "The judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Rule 12(f) of the Federal Rules of Civil Procedure states that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The Ninth Circuit has explained that "[t]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotations and citation omitted).

ORDER – 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

Before analyzing Defendant's defenses at issue, this Court must determine whether the motion for summary judgment to strike these defenses was procedurally proper.  While there appears to be some dispute over whether a motion for partial summary judgment on affirmative defenses is a proper motion, this Court holds that it is.  *See, e.g.*, *E.E.O.C. v. Fred Meyer Stores, Inc.*, 954 F. Supp. 2d 1104, 1112 (D. Or. 2013) *on reconsideration in part* (Sept. 19, 2013), ("[A] motion that attacks the substance of defendant's affirmative defenses rather than the form of the pleading should be treated as a motion for summary judgment, allowing the court to consider facts outside the pleadings."); *Furman v. Gen. Dynamics Corp.*, 377 F. Supp. 37, 43 (S.D.N.Y. 1974) ("[A] motion to strike a defense is the equivalent of a motion for partial summary judgment.").  *But see, e.g.*, *Kerzman v. NCH Corp.*, No. C05-1820JLR, 2007 WL 765202, at *7 (W.D. Wash. Mar. 9, 2007) ("[T]o claim insufficiency of defense should not be considered a request for judgment but more aptly a request to strike it from the pleading."); *Seacoast Liquor Distributors v. Kips Bay Brewing Co.*, 8 F.R.D. 74, 75 (S.D.N.Y. 1947) ("[I]t is difficult to see how the elimination of this affirmative defense could lead to any judgment, summary or otherwise. It would merely narrow the area of dispute; and the Rules do not appear to contemplate the use of the summary judgment procedure in situations such as the present one.").

19
20
21
22

The plain language of Rule 56(a) allows parties to move for summary judgment on a "claim *or defense*."  Based on this explicit language and supporting case law cited above, the Court construes this motion as one for summary judgment and addresses each defense in turn.

23

### A.   Affirmative Defense No. 1: Complaint fails to state a claim

24
25
26
27

This Court agrees with other district courts that "[f]ailure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [the plaintiff's] prima facie case." *LL B Sheet 1, LLC v. Loskutoff*, 362 F. Supp. 3d 804, 818 (N.D. Cal. 2019) (citing *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F.Supp.2d 1167,

28

ORDER – 4

1174. (N.D. Cal. 2010)); *see also Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case."). In its response to the motion for summary judgment striking this defense, Defendant does not present any facts, but rather alleges that Plaintiff's complaint is defective for failing to include "a single allegation that the table/bed deviated from how it was designed." Dkt. # 30 at 3.

Even if the Court were to consider this defense, it would not stand. In considering whether to dismiss a complaint for failure to state a claim, the court must assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir. 2008). Instead, the plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id*. at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering this defense in the light most favorable to the Defendant, Defendant's argument fails. Under RCW 7.72.020, "[a] product manufacturer is subject to liability to a claimant if the claimant's harm was proximately caused by the negligence of the manufacturer in that the product was not reasonably safe as designed." RCW 7.72.030(1). Plaintiff alleges that he sustained an injury that was proximately caused by a design defect of the Defendant-manufactured table/bed when it collapsed after he lay on it. Plaintiff alleges several design or manufacturing defects in his complaint, including "the use of particle board for the table top, the table top was too small, the table top has rounded (as opposed to a squared) edge, and the table seats were not adequately fastened

ORDER – 5

to the floor in a critical spot." Dkt. # 1-2 ¶ 3.6.  While Defendant may dispute these allegations and ultimately prove that the design and manufacture of the table/bed were not the cause of Plaintiff's injury, the allegations state a claim upon which relief can be granted.  The Court grants summary judgment in striking this defense.

## B.   Affirmative Defense No. 3: Claimed damages are the direct and proximate result of Plaintiffs' own negligence or other fault.

Negligence requires a showing of duty, breach, causation, and resultant injury. *Hartley v. State*, 698 P.2d 77, 82 (Wash. 1985) (en banc).  "The breach of duty must be shown to be the proximate cause of the injury." *Id.*  The facts surrounding how Plaintiff fell and whether the injury he sustained was the result of Plaintiff's negligence or other fault are disputed by the parties.  Plaintiff alleges that he merely "sat" on the table/bed and that "sitting is not negligence." Dkt. # 28 at 10.  Defendant disagrees and argues that additional evidence must be considered in determining Plaintiff's negligence.

Specifically, Defendant presents the report of an expert who found no basis to "determine that a structural failure . . . occurred while [Plaintiff] was utilizing those components in the sleep platform configuration," suggesting that Plaintiff's sitting on the table/bed did not cause its collapse. Dkt. # 30 at 3.  Defendant proposes that Plaintiff may have been negligent in securing the bed, by failing to lower the tabletop into the cabinet grooves. *Id.* at 30.  Defendant points to ostensibly inconsistent testimony about Plaintiff's fall, noting that while Plaintiff could not remember exactly what happened, his wife testified that he landed on his "feet," while his doctor testified that he "land[ed] on his right buttock and sustain[ed] a direct impact to his lower back." *Id.* at 3-4.  This inconsistent testimony allegedly suggests that Plaintiff did not fall straight to the floor, but rather slid off the table/bed, lending support to Defendant's theory that Plaintiff's failure to secure the tabletop was the proximate cause of his injury. *Id.* at 11.  The Court will not weigh the evidence here and finds that a genuine issue of material fact exists as to this defense.

ORDER – 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### C. Affirmative Defense No. 5: Any potential loss was caused by or contributed to by the superseding, intervening and unexpected acts and conduct of other persons and entities.

As the moving party, Plaintiff need only show that Defendant failed to "make a sufficient showing on an essential element" of its affirmative defense." *Celotex Corp.*, 477 U.S. at 317.  Plaintiff has met that burden here.

The principles used in the analysis of a superseding cause in the context of a negligence action are equally applicable to a product liability action. *Campbell v. ITE Imperial Corp.*, 733 P.2d 969, 973 (Wash. 1987) (en banc).  The Washington Supreme Court has defined a superseding cause as "an act of a third person ... which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about." *Id.* at 972.  An intervening cause is a "force that actively operates to produce harm to another after the actor's act or omission has been committed.  If the intervening cause is strong enough to relieve the wrongdoer of any liability, it becomes a *superseding cause*." *State v. Frahm*, 444 P.3d 595, 601 (Wash. 2019) (emphasis in original).

Defendant argues that this defense "address[es] the acts and omissions of Plaintiff, over which [Defendant] had no control." Dkt. # 30 at 11.  Specifically, Defendant points to (1) Plaintiff's failure to properly secure the table/bed prior to his fall and (2) Plaintiff's pre-existing back pain and need for surgery as superseding, intervening and unexpected acts and conduct of other persons that caused injury. *Id*.  Neither of these allegations, however, make a showing of a superseding intervening cause of Plaintiff's injury. Defendant does not identify any act by a third person as required for a superseding cause under Washington law.  And with respect to the second allegation, Defendant fails to show that Plaintiff's long history of back pain "operate[d] to produce harm to another *after* [Defendant]'s act . . . ha[d] been committed."  444 P.3d at 601 (emphasis added). Given the absence of evidence to support the non-moving party's case, Plaintiff prevails on summary judgment to strike this defense.

ORDER – 7

D.      **Affirmative Defense No. 7: Claimed damages did not result, directly or indirectly, from any act or omission of Keystone RV, but rather from the acts or omissions of persons and/or entities other than Keystone RV.**

Affirmative Defense Nos. 3 and 7 are similar if not identical arguments.  Here, Defendant alleges that persons or entities other than Defendant—specifically Plaintiff— were liable for Plaintiff's injury and subsequent medical treatment.  Dkt. # 30 at 11. Defendant again asserts that "Plaintiff's failure to properly co[n]vert the table/bed feature is the most likely explanation of the fall."  *Id.*  Plaintiff claims that in the absence of a third-party actor, this affirmative defense is, in effect, a claim for contributory negligence and "there is no evidence to support a claim that Mr. Trautt was contributorily negligent." Dkt. # 33 at 6.  Given the disputed facts surrounding this matter, this affirmative defense—like Affirmative Defense No. 3—should stand to determine factual issues in dispute.  The Court cannot grant summary judgment in striking this defense.

E.      **Affirmative Defense No. 8: Plaintiff failed to mitigate damages.**

A defendant asserting a failure to mitigate damages defense must show that "there were alternative treatment options available to the plaintiff and that the plaintiff acted unreasonably in deciding on treatment."  *Fox v. Evans*, 111 P.3d 267, 269 (Wash. Ct. App. 2005).  The defendant has the burden to demonstrate that the plaintiff acted unreasonably.  *Id.*  Defendant's claim of failure to mitigate centers on Plaintiff's second back surgery in 2019, which occurred a year and a half after his injury.  Dkt. # 30 at12. Defendant alleges that, during this time, Plaintiff participated in "limited physical therapy but not additional steroid injections or other non-surgical means for addressing his significant history of low back and leg pain."  *Id.*  Plaintiff, on the other hand, argues that Defendant has not demonstrated that Plaintiff failed to take reasonable steps to "minimize the alleged need for a second surgery."  Dkt. # 33 at 7.  Whether additional steroid injections or "other non-surgical means" for addressing back pain represent alternative treatment options to surgery and whether Plaintiff acted unreasonably in choosing to

ORDER – 8

1
2

undergo a second surgery are fact-based questions that cannot be resolved as a matter of law.  This Court cannot grant summary judgment in striking this affirmative defense.

3

## IV.  CONCLUSION

4
5
6

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for summary judgment in striking Defendant's Affirmative Defense No. 1 and 5 and **DENIES** summary judgment in striking Defendant's Affirmative Defenses 3, 7, and 8.

7
8

DATED this 5th day of August, 2020.

9
10
11
12

Richard A Jones

The Honorable Richard A. Jones
United States District Judge

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER – 9