HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH P. TRAUTT, Jr. and CATHERINE TRAUTT,

Plaintiffs,

v.

KEYSTONE RV COMPANY, an Indiana corporation,

Defendant.

Case No. 2:19-cv-00342-RAJ

ORDER

This matter comes before the Court on Defendant Keystone RV Company's ("Defendant") motion to quash document subpoenas issued by Plaintiffs Joseph P. Trautt and Catherine Trautt ("Plaintiffs") to obtain medical records from medical providers. Dkt. # 55. Defendant asks the Court (1) to quash the document subpoenas and (2) to prohibit Plaintiffs from introducing any newly obtained documents at trial as untimely discovery. *Id*. at 1. Plaintiffs filed an untimely response opposing Defendant's motion. Dkt. # 62 at 1. *See* LCR7(d)(3).

After hearing from counsel regarding their respective positions on whether documents were timely obtained by Plaintiffs and whether the documents may be admissible in trial, Dkt. # 64, and having considered the parties' briefings, Dkt. ## 55, 59, 62, the Court **DENIES in part** and **GRANTS in part** the motion.

The withdrawal of document subpoenas, Dkt. # 61, renders the request to quash

ORDER – 1

moot, and it is denied as such.  However, the Court grants Defendant's request to prohibit the introduction at trial of documents recently obtained[1] by Plaintiffs well past the end of discovery.  The introduction of approximately 1,069 pages of medical records, of which 920 pages have not been previously produced, was well past the end of discovery.  Such production on the eve of trial cannot be condoned.

Parties are expected to comply with the Court's case schedule.  *Wong v. Regents of the Univ. of Cal.,* 410 F.3d 1052, 1060 (9th Cir. 2005) ("Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.").

Plaintiffs' counsel argues that he attempted to call and send letters to obtain and disclose the medical records at issue but was unsuccessful due to COVID-19-related delays.  Rather than contact the Court or opposing counsel, he waited weeks before issuing subpoenas.  The Court is unconvinced that this approach was appropriate.  Rule 26(e)'s duty to supplement cannot be used as a justification for counsel's wholesale attempt to re-engage in document production after discovery deadlines had passed.  Under any theory, counsel's lack of diligence and failure to confer with opposing counsel or the Court is inexcusable.

The Court will not tolerate a violation of the case schedule without any evidence of an attempt to extend, modify, or communicate with opposing counsel to seek a modification of the case schedule.  More importantly, counsel made no attempt to communicate with the Court to seek modification of the case schedule.  Once a district court files a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16, "that rule's standards control[ ]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).  "A schedule may be modified only for good cause and with the

---

[1] This Order only goes to documents that have not been timely produced in accordance with discovery deadlines.  Any duplicates of timely produced documents are outside the scope of this Order.

ORDER – 2

judge's consent." Fed. R. Civ. P. 16(b)(4).  To show "good cause" a party must show that they could not meet the deadline imposed by the scheduling order despite its diligence.  *Johnson*, 975 F.2d at 609.  The Court appreciates that Plaintiffs' counsel took over complete responsibility the case in July 2020, Dkt. # 46, but this does not lessen his obligations to adhere to Court rules and comply with the case schedule.

For the foregoing reasons, the Court **DENIES** the motion to quash as moot and **GRANTS** the request to prohibit the late-produced documents at trial.  Dkt. # 55.

DATED this 18th day of September, 2020.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3