HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH P. TRAUTT, Jr.<br><br>Plaintiff,<br><br>v.<br><br>KEYSTONE RV COMPANY, an Indiana corporation,<br><br>Defendant. | Case No. 2:19-cv-00342-RAJ<br><br>ORDER DENYING MOTION IN LIMINE |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Joseph Trautt's ("Plaintiff") motion in limine to exclude or limit the testimony of defense experts Dr. Alan Brown and Keith Cline. Dkt. # 50. Defendant Keystone RV Company ("Defendant") opposes the motion. Dkt. # 66. For the reasons below, the motion is **DENIED.**

## II. BACKGROUND

November 6, 2019 was the deadline for expert witness disclosures and reports under FRCP 26(a)(2). Dkt. # 11. On that day, Plaintiff disclosed two expert reports, one on behalf of Dr. Michael Freeman, a medical causation expert, and another on behalf of Mr. Rob Hetler, a product liability expert. Dkt. # 50 at 1. Defendant, however, did not disclose expert witnesses by the deadline. *Id.* On November 17, 2019, Plaintiff served Defendant an updated report from Dr. Freeman. Dkt. # 50 at 9. Before the close of

discovery, Defendant deposed Plaintiff's retained expert witnesses. Dkt. # 66 at 3.

On December 6, 2019, after the deadline for expert witness disclosures and reports had passed, Defendant disclosed a rebuttal product liability expert, Keith Cline, and his report responding to Mr. Hetler's report. Dkt. # 50 at 2. Later, on December 17, 2019, Defendant disclosed a rebuttal medical causation expert, Dr. Alan Brown, and his report responding to Dr. Freeman's report. *Id.* Plaintiff did not depose Dr. Brown or Mr. Cline. Dkt. # 66 at 3.

On August 31, Plaintiff filed the instant motion in limine seeking to exclude or limit the testimony of Dr. Brown and Mr. Cline.

### III.   LEGAL STANDARD

A motion in limine is a procedural mechanism to limit testimony or evidence on a particular issue in advance of trial. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). A party must disclose expert testimony at least 90 days before the date set for the trial. Fed. R. Civ. P. 26(a)(2)(D)(i). If "evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party," it must be disclosed within 30 days after the party's disclosure. Fed. R. Civ. P. 26(a)(2)(D)(ii). Unless otherwise stipulated or ordered by the court, disclosure of an expert witness must be accompanied by a report that includes, among other things, a list of all other cases in which the witness testified as an expert during the last four years and a statement of the compensation to be paid for testimony in the case. Fed. R. Civ. P. 26(a)(2)(B). With respect to an expert witness, a "trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Id*. at 591.

The Court notes that the findings and conclusions in this order, like all rulings in limine, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. *See, e.g.*, *Luce v. United States*, 469 U.S. 38, 41 (1984)

ORDER – 2

(explaining that a ruling in limine "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

## IV.  DISCUSSION

Plaintiff seeks to exclude Defendant's witnesses as untimely. Dkt. # 50 at 9. He argues that both Mr. Cline and Dr. Brown are primary expert witnesses, not rebuttal expert witnesses, and as such, should have been disclosed by the November 6, 2019 deadline for disclosure of primary witnesses. *Id*. Plaintiff also asserts that Dr. Brown's report is unreliable and that he lacks the requisite foundation for determining causation in the issue at hand. *Id*. at 11-13. Finally, Plaintiff asks the Court to exclude the Defendant's witnesses based on Defendant's failure to meet disclosure requirements under Federal Rule of Civil Procedure 26(a)(2)(B) with respect to both witnesses. *Id*. at 2, 9. The Court will address each argument in turn.

**A. Timeliness**

This Court has "decline[d] to adopt the rule that expert testimony on an anticipated portion of an opposing party's case cannot be rebuttal expert testimony." *Theoharis v. Rongen*, No. C13-1345RAJ, 2014 WL 3563386, at *4 (W.D. Wash. July 18, 2014). The Court has explained its reasoning accordingly:

> A party who does not bear the burden of proof on an issue may be keenly interested in avoiding the expense of designating an expert witness on that issue. If, however, the party with the burden of proof offers a compelling expert disclosure, the opposing party can still designate a rebuttal expert in compliance with the rules.

*Id*.

Here, Plaintiff concedes that Defendant does not bear the burden of proof on his products liability claim, Dkt. # 50 at 5-6, yet still asserts that Defendant was required to disclose his rebuttal witnesses as primary expert witnesses, *id.* at 5. He is mistaken. As

ORDER – 3

long as Defendant's expert witness reports are limited to refuting the opinions of Plaintiff's expert witnesses, Defendant's witnesses are indeed permissible as rebuttal experts as contemplated by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 26(a)(2)(D)(ii).

On December 6, 2019, thirty days after Plaintiff disclosed Mr. Hetler as a products liability expert, Defendant disclosed Mr. Cline, an engineer with Engineering Systems, Inc.  Dkt. # 66 at 3.  Mr. Cline, who has "experience in failure analysis, laboratory testing, and manufacturing," rebuts Mr. Hetler's claims of product defects.  *Id.*  On December 17, 2019, thirty days after Plaintiff provided Defendant with a supplemental report from Dr. Freeman, Defendant disclosed Dr. Alan Brown, a licensed medical doctor and orthopedic spine surgeon.  *Id.*  Dr. Brown, who has a Ph.D. in epidemiology rebuts Dr. Freeman's report.  *Id.*  Thus, the Court finds that Defendant's rebuttal witnesses were timely disclosed.  Plaintiff's concerns regarding the scope of testimony may be appropriately raised and addressed during trial.

**B.  Reliability**

Plaintiff argues that Dr. Brown is not qualified to be an expert.  Dkt. # 50 at 14.  Specifically, he claims that Dr. Brown is not "qualified to opine on forensic epidemiology or on the qualifications of a forensic epidimiolog[ist]."  Dkt. # 50 at 13-14.  In his response, Defendant explains that Dr. Brown does not attempt to challenge Dr. Freeman's conclusions on epidemiological grounds.  *Id.*  Indeed, Dr. Brown "is not holding himself out as an epidemiologist."  Dkt. # 66 at 17.  Instead, his opinions are intended to refute Dr. Freeman's conclusions that "there are no other alternative explanations" for Plaintiff's surgery.  *Id.*  "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue an expert may testify thereto."  *Daubert*, 509 U.S. at 589.  The Court finds that Dr. Brown's expertise as a licensed medical doctor and orthopedic spine surgeon makes him well-qualified to challenge Dr. Freeman's conclusion about possible explanations for

ORDER – 4

Plaintiff's back surgery.  The Court finds Dr. Brown to be a qualified and reliable witness.  Again, Plaintiff's concerns regarding the scope of Dr. Brown's testimony can be properly addressed at trial.

### C. Rule 26(a)(2)(B) Requirements

Finally, Plaintiff argues that Defendant's witnesses should be excluded because Defendant failed to disclose Mr. Cline's compensation for his services related to trial, Dkt. # 50 at 9, as well as Dr. Brown's testimonial history, *id*. at 2, as required by Rule 26(a)(2)(B).  In his opposition, Defendant notes that this was an oversight and provides both required disclosures.  *See* Dkt. # 66 at 15; Dkt. # 67, Exh. S.  The request for exclusion on these grounds is thereby moot.

Moreover, Plaintiff's argument that Defendant's failure to disclose Mr. Cline's compensation and Dr. Brown's testimonial history "unduly prejudice[s] [Plaintiff] at trial" is meritless.  Dkt. 50 at 17.  Dr. Brown's expert report was disclosed on December 17, 2019, over eight months before trial.  Plaintiff could have obtained such information by deposing Dr. Brown.  Alternatively, Plaintiff could have moved the Court to compel disclosure.  Plaintiff chose not to depose Mr. Brown prior to the end of discovery, chose not to seek leave of Court to examine him at any time in the ensuing months, and chose not to seek an order compelling disclosure of the information.

### V. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion in limine to exclude or limit the testimony of Dr. Alan Brown or Keith Cline.

DATED this 25th day of September, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 5