HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH P. TRAUTT, Jr.

    Plaintiff,

  v.

KEYSTONE RV COMPANY, an Indiana corporation,

    Defendant.

Case No. 2:19-cv-00342-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Defendant Keystone RV Company's ("Defendant") Motion for Stay on Enforcement of Judgment Pending Appeal. Dkt. # 97. Defendant seeks to post a supersedeas bond in the full amount of the judgment of $1,590,303.45[1] to obtain the stay pursuant to Federal Rule of Procedure 62(b). *Id.* Plaintiff Joseph P. Trautt, Jr. ("Trautt" or "Plaintiff") does not object to staying enforcement of the judgment while Defendant's appeal is pending as long as Defendant

---

[1] This amount reflects an updated request by Defendant, *see* Dkt. # 103, which includes the full judgment amount plus $4,121.45 in costs, as awarded by the Clerk on October 6, 2021, Dkt. # 102.

ORDER – 1

posts a supersedeas bond approved by the Court in the amount of $1,982,727.50, or 125% of the judgment. Dkt. # 101. Having reviewed the parties' briefing and relevant law, the Court **GRANTS in part** and **DENIES in part** Defendant's motion.

## II. BACKGROUND

On August 11, 2021, the Court entered Findings of Facts and Conclusions of Law following a bench trial on a products liability claim under Washington's Product Liability Act. Dkt. # 91. The Court ruled in favor of Plaintiff and found Plaintiff entitled to damages in the amount of $1,586,182. *Id.* at 17. On September 10, 2021, Defendant timely filed a Notice of Appeal to the Ninth Circuit Court of Appeals seeking review of the Court's ruling. Dkt. # 95. Defendant arranged for Insurance Office of America to post a supersedeas bond in the full amount of the judgment, $1,586,182, upon confirmation from the Court that the security is sufficient to support the stay. Dkt. ## 97 at 1; 98 ¶ 5.

Defendant filed the instant motion seeking the Court's approval of the security to obtain a stay on enforcement of the judgment. Dkt. # 97. In his response, Plaintiff indicated that although he does not object to a supersedeas bond, he requests that the Court require that the bond be 125% of the judgment for a total of $1,982,727.50. Dkt. # 101 at 1. Plaintiff argues that additional amount is necessary to account for interest, costs, and damage from delay. *Id.* Defendant, in its reply, proposes an upward adjustment of the supersedeas bond to reflect the costs approved by the Court in the amount of $4,121.45, and proposes that if the Court determines that post-judgment interest is appropriate, it should be calculated at a rate 10% for one year, adding $159,030.50 to the judgment. Dkt. # 103 at 2 n.1

## III. DISCUSSION

Under Federal Rule of Civil Procedure 62, "[at] any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect with the court approves the bond . . . and remains in effect for the time specified in

ORDER – 2

the bond." Fed. R. Civ. P. 62(b). The purpose of a supersedeas bond is to protect appellees from a loss resulting from the stay. *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). "The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment." *N.L.R.B. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). District courts have "inherent discretionary authority in setting supersedeas bonds." *Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1027 (N.D. Cal. 2012) (quoting 831 F.2d at 1505).

The predecessor to Rule 62(d), originally Civil Rule 73(d), had instructed "the amount of the bond be computed by the district court to include 'the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay . . .'" *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). Although Rule 62(d) does not precisely define the amount and conditions of a supersedeas bond, "it has been read consistently with the earlier rule." *Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1029 (N.D. Cal. 2012) (quoting 600 F.2d at 1191).

Courts, exercising their discretion, have found bonds equal to 125% and up to 150% of the judgment to be sufficient to protect plaintiff's interest, damages from delay, and costs pending appeal. *See Wishtoyo Found. v. United Water Conservation Dist.*, No. CV 16-3869-DOC-PLA, 2019 WL 8226058, at *2 (C.D. Cal. Apr. 11, 2019) (holding that "[i]n light of the amount of time an appeal could take and the effort an appeal will involve . . . the Court increases the amount of the supersedeas bond, requiring that Defendant post a bond of 150% of the attorney fee and cost award, rather than 125% of the award"); *Clark v. Hidden Valley Lake Ass'n*, No. 16-CV-02009-SI, 2018 WL 2412136, at *4 (N.D. Cal. May 29, 2018) (holding that "a supersedeas bond equal to 125% of the judgment will be adequate to protect plaintiffs' interests pending appeal"); *Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1029 (N.D. Cal.

ORDER – 3

2012) (requiring defendants to file a supersedeas bond equal to 125% of plaintiffs' $4,575,000 award).

The Court here similarly finds that a supersedeas bond equal to 125% of the judgment is sufficient to address interest, costs, and damage from delay pending appeal, to mitigate the deprivation of the immediate benefits of Plaintiff's judgment.  *See Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980) (holding that "the stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment").  The Court thus confirms that a supersedeas bond in the amount of $1,982,727.50 is sufficient to support the stay.

### IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion for Stay on Enforcement of Judgment Pending Appeal is **GRANTED in part**.  Dkt. # 97.  Judgment shall be stayed upon Defendant's submission of proof to the Court that the bond has been posted in the amount of $1,982,727.50.

DATED this 19th day of October, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4